UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JOSE LUIS ALVAREZ MARTINEZ,**

   *Plaintiff*,

v.                                              Case No. 5:25-CV-01007-JKP

**SECRETARY OF USDHS KRISTI NOEM, ACTING DIRECTOR, ICE TODD M. LYONS, FOD, SAN ANTONIO MIGUEL VERGARA, WARDEN ROSE THOMPSON,**

   *Defendants*.

## ORDER FOR SUPPLEMENTAL BRIEFINGS

Before the Court is Petitioner Jose Luis Alvarez Martinez's Motion for Temporary Restraining Order and Preliminary Injunction, (*ECF No. 6*), to which Respondents filed a Response, (*ECF No. 11*). Upon review of these submissions, the Court will order the parties submit separate supplemental briefings.

Accordingly, the parties are **ORDERED** to file separate supplemental briefings **no later than Thursday, September 4, 2025, at 5:00 p.m.** addressing:

1) Whether *Ashley v. Ridge*, 288 F. Supp. 2d 662 (D.N.J. 2003), is distinguishable and why the Court should not reach the same outcome in the instant case.

2) Whether 8 C.F.R. § 1003.19(i)(1), which allows for a stay of custody order pending appeal by the Government pursuant to the Board of Immigration Appeals' general discretionary authority, presents the same due process issues as the statute at issue here, 8 C.F.R. § 1003.19(i)(2), which allows for the automatic stay in certain cases. *See*, *e.g.*, *Maldonado v. Olson*, No. 25-CV-03142 (SRN/SGE), 2025 WL 2374411 (D. Minn. Aug. 15, 2025) ("In sum, § 1003.19(i)(2) presents a serious risk of erroneous deprivation of [petitioner's] private interests, and § 1003.19(i)(1) already provides a simple alternative that would safeguard those rights."); *El-Dessouki v. Cangemi*, No. CIV 063536 DSD/JSM, 2006 WL 2727191, at *3 (D. Minn. Sept. 22, 2006).

3) Whether specific jurisdictional issues, if any, prevent the Court from addressing Petitioner's Motion. *See ECF No. 11 at 4–6*. Respondents point to *Kambo v. Poppell*, No. SA-07-CV-800-XR, 2007 WL 3051601 (W.D. Tex. Oct. 18, 2007), in their Response—yet in that case fellow U.S. District Judge for the Western District of Texas Xavier Rodriguez held the automatic stay violated petitioner's due-process rights as applied.

4) The parties are also welcome to address the numerous other cases concluding the automatic stay statute, 8 C.F.R. § 1003.19(i)(2), violates the due process rights of detainees.[1]

It is so ORDERED.
SIGNED this 27th day of August, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE

---

[1] *E.g.*, *Jacinto v. Trump*, No. 4:25-CV-03161, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); *Maldonado v. Olson*, No. 25-CV-03142 (SRN/SGE), 2025 WL 2374411 (D. Minn. Aug. 15, 2025); *Anicasio v. Kramer*, No. 4:25-CV-03158, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); *Garcia Jimenez v. Kramer*, No. 4:25-CV-03162, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); *Mohammed H. v. Trump*, No. CV 25-1576 (JWB/DTS), 2025 WL 1692739 (D. Minn. June 17, 2025); *Gunaydin v. Trump*, No. 25-CV-01151 (JMB/DLM), 2025 WL 1459154 (D. Minn. May 21, 2025); *Kambo v. Poppell*, No. SA-07-CV-800-XR, 2007 WL 3051601 (W.D. Tex. Oct. 18, 2007); *Zabadi v. Chertoff*, No. 05-CV-01796 (WHA), 2005 WL 1514122 (N.D. Cal. June 17, 2005); *Zavala v. Ridge*, 310 F. Supp. 2d 1071 (N.D. Cal. 2004); *Uritsky v. Ridge*, 286 F. Supp. 2d 842 (E.D. Mich. 2003); *Bezmen v. Ashcroft*, 245 F. Supp. 2d 446 (D. Conn. 2003); *but see Pisciotta v. Ashcroft*, 311 F. Supp. 2d 445 (D.N.J. 2004).